UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL SCOTT KLEIN,

Plaintiff,

v.

MICHAEL FLAMM, et al.,

Defendants.

Case No. 3:23-cv-00337-ART-CSD

ORDER

(ECF No. 17)

## I.   DISCUSSION

After an unsuccessful inmate early mediation, Plaintiff filed a motion for leave to file a supplemental complaint and attached the proposed supplemental complaint. (ECF Nos. 11, 13, 13-1).  U.S. Magistrate Judge Craig Denney denied the motion for leave to file the supplemental complaint because Plaintiff's proposed supplemental complaint addressed events that took place between May 31, 2022, through August 30, 2022.  (ECF No. 16 at 2).  Because Plaintiff had initiated this action on July 10, 2023, the proposed supplemental complaint did not address events that took place after Plaintiff initiated this action, and was not a proper filing under Federal Rule of Civil Procedure 15(d).  (*Id.*)

In response, Plaintiff filed a motion to reconsider or object to Judge Denney's order.  (ECF No. 17).  In the motion, Plaintiff argues that 3 of the pages in his 16-page supplemental complaint talk about an event that occurred on March 25, 2024, and later.  (*Id.* at 1).

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.").  "This subsection would also enable the court to delegate some of the more administrative functions to a

1    magistrate judge, such as . . . assistance in the preparation of plans to achieve
2    prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858,
3    869 (1989). "The district judge may affirm, reverse, or modify, in whole or in part,
4    the magistrate judge's order." L.R. IB 3-1(b).

5        Pursuant to Federal Rule of Civil Procedure 15(d), "[o]n motion and
6    reasonable notice, the court may, on just terms, permit a party to serve a
7    supplemental pleading setting out any transaction, occurrence, or event that
8    happened after the date of the pleading to be supplemented." The Supreme Court
9    has held that Rule 15(d) "plainly permits supplemental amendments to cover
10   events happening after suit, and it follows, of course, that persons participating
11   in these new events may be added if necessary. Such amendments are well within
12   the basic aim of the rules to make pleadings a means to achieve an orderly and
13   fair administration of justice." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377
14   U.S. 218, 227 (1964). "While leave to permit supplemental pleading is 'favored,'.
15   . . it cannot be used to introduce a 'separate, distinct and new cause of action.'"
16   *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

17       After reviewing Plaintiff's proposed supplemental complaint and objection,
18   the Court will grant in part and deny in part Plaintiff's objection. The Court finds
19   that the majority of Plaintiff's proposed supplemental complaint is improper. The
20   supplemental complaint contains nine pages of factual allegations, and seven and
21   a half pages are dedicated to events that do not fall within the scope of a
22   supplemental pleading because they pre-date the initiation of the lawsuit. (*See*
23   ECF Nos. 13-1 at 4-11). Plaintiff spends only two and half pages discussing an
24   event that properly falls within the scope of a supplemental pleading. (*See id.* at
25   11-13). The Court agrees with Judge Denney's order denying the motion to file
26   the supplemental complaint as drafted, but grants Plaintiff leave to submit a
27   supplemental complaint that only addresses events that fall within the scope of
28   Rule 15(d).

## II.   CONCLUSION

It is therefore ordered that the objection (ECF No. 17) is granted in part and denied in part.

It is further ordered that the Court grants Plaintiff 30 days to file a supplemental complaint that only addresses events that fall within the scope of Rule 15(d).

Dated this 31st day of May 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE