# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PAUL SCOTT KLEIN,

     Plaintiff

v.

MICHAEL FLAMM, et al.,

     Defendant.

Case No.: 3:23-CV-00337-ART-CSD

**Order Denying Plaintiff's Motions to Remove Magistrate Judge**

Re: ECF Nos. 36, 37

Before the court are Plaintiff's two motions to "remove" the undersigned as the magistrate judge from the assigned case. (ECF Nos. 36, 37.)  Defendant filed a response (ECF No. 38), and Plaintiff did not file a reply.

Plaintiff argues the magistrate judge should be removed from the case based on the Case Management Conference on September 17, 2024, in which the court went over the discovery plan and scheduling order.  The court interprets Plaintiff's motions to remove as motions to recuse.

In evaluating whether recusal is proper, "[w]e begin with the general proposition that, in the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" *U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v. Orr,* 758 F.2d 1578, 1583 (Fed. Cir. 1985); *United States v. Snyder,* 235 F.3d 42, 46 (1st Cir. 2000)). This proposition "is reflected in our oath, by which we have obligated ourselves to 'faithfully and impartially discharge and perform [our] duties' and to 'administer justice without respect to persons, and do equal right to the poor and to the rich.'" *Id.* (citing 28 U.S.C. § 453).

Federal judges are, however, required to disqualify themselves if their impartiality might reasonably be questioned, or if they have a personal bias or prejudice for or against a party.

*Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citations omitted). There are two federal statutes addressing the standards for recusal: 28 U.S.C. § 144 and § 455. Under either statute, the substantive test for bias or prejudice is identical, but the procedural requirements of the two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The legal sufficiency of a motion for recusal is determined by the judge against whom recusal is sought. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *Id.* (citations omitted). The affidavit must state facts and reasons which tend to show personal bias and prejudice and "must give support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger v. United States,* 255 U.S. 22, 33 (1921). The facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975).

Here, Plaintiff did not submit an affidavit of bias or prejudice. Therefore, since there is no affidavit, denial of his motions under 28 U.S.C. § 144 is proper on this basis alone. In addition, as will be discussed further below, Plaintiff has not set forth facts sufficient to demonstrate actual bias or prejudice.

Under § 455, "recusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quoting *In re Yagman*, 796 F.2d 1165, 1179 (9th

Cir. 1986)). Impartiality must be "evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994).

"The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Holland,* 519 F.3d at 913 (quoting *In re Mason*, 916 F.2d 384, 386). "The reasonable third-party observer is not a 'partly informed man-in-the-street,' but rather someone who 'understand[s] all the relevant facts' and has examined the record and law." *Id.* at 914 (quoting *LoCascio v. United States,* 473 F.3d 493, 496 (2d Cir. 2007)).

The objective standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id*. at 913 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). Matters that are not ordinarily sufficient to require a § 455(a) recusal include: "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005). "Disqualification under § 455(a) is necessarily fact driven and may turn on subtleties in the particular case." *Holland,* 519 F.3d at 913.

Plaintiff's alleged grounds for removal are that the magistrate judge discussed the issue of exhaustion of administrative remedies at the Case Management Conference (CMC). The magistrate judge directed the parties to address this issue in their case management reports that were to be filed prior to the CMC. Plaintiff did not submit a case management report, and Defendants' report raised the issue of a "viable exhaustion argument in this case." (ECF No. 33, p.4). There was nothing improper or unusual for the magistrate judge to discuss issues raised in the case management report (such as discovery, experts, and dispositive motions like exhaustion) at the CMC with relation to issuing the discovery plan and scheduling order. Plaintiff's allegation

that this was improper based on his suspicion or speculation does not constitute a basis for recusal in this case. *Clemens*, 428 F.3d at 1179.

For the above reasons, Plaintiff's motions for removal (or recusal) of the magistrate judge (ECF Nos. 36, 37) are **DENIED**.

**IT IS SO ORDERED**.

Dated: February 10, 2025

_____
Craig S. Denney
United States Magistrate Judge

4