AARON D. FORD
  Attorney General
NATHAN M. CLAUS (Bar No. 15889)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-7629 (phone)
(702) 486-3768 (fax)
Email: nclaus@ag.nv.gov

*Attorneys for Defendants*
*Micheal Flamm and Jose Garcia*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PAUL SCOTT KLEIN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL FLAMM, *et al.*,<br><br>    Defendants. | Case No.  3:23-cv-00337-ART-CSD<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR 7-DAY EXTENSION TO RESPOND TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**ECF Nos. 52 and 53** |

Defendants, Micheal Flamm and Jose Garcia, hereby request a 7 Day Extension to Respond to Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction. ECF Nos. 52 and 53.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     PROCEDURAL HISTORY**

This prison civil rights action was brought by Paul Scott Klein (Klein), asserting claims arising under 42 U.S.C. § 1983. ECF Nos. 4 & 22. Klein sues for alleged events while he was incarcerated at Northern Nevada Correctional Center (NNCC). *Id.*

Following mandatory screening of the Complaint under the Prison Litigation Reform Act (PLRA), this Court allowed Klein to proceed with one First Amendment retaliation claim against Defendants Micheal Flamm and Jose Garcia for a claim that Klein was forced to abandon an appeal from a disciplinary hearing. ECF No. 3 at 8:18-24 and 12:10-11. Klein

Page 1

1  also filed a supplemental complaint, ECF No. 22, which following mandatory screening
2  allowed Klein to proceed with additional claims against Garica for allegedly retaliating
3  against Klein by terminating him from a job within the prison. *See* ECF Nos. 23 (R&R
4  screening the supplemental complaint) & 26 (Order adopting R&R). Discovery completed
5  in this matter on March 15, 2025. ECF No. 35 at 7.

6  Defendants filed their motion for summary judgment on June 18, 2025. ECF No. 47.
7  As of the filing of this motion, Klein has not filed any opposition.

8  On July 3, 2025, Klein filed Plaintiff's Motion for Temporary Restraining Order and
9  Preliminary Injunction. ECF Nos. 52 & 53. Any response to this motion is currently due on
10 July 17, 2025.

11 Defendants seek a one-week extension to Plaintiff's Motion for Temporary
12 Restraining Order and Preliminary Injunction. The responses require this extension of
13 time to adequately explain defendants' objections to the discovery, and the discussions
14 between Burdsal and counsel for defendants regarding the meet and confer issues.

15 **II.   ARGUMENT**

16 Pursuant to Fed. R. Civ. P. 6(b), the "court may, for good cause, extend the time . . .
17 with or without motion or notice . . . if a request is made, before the original time or its
18 extension expires." Defendants seek an extension of time to respond to the motions filed by
19 Klein. Good cause is present to extend the deadline for the response to Plaintiff's Motion
20 for Temporary Restraining Order and Preliminary Injunction to July 24, 2025.

21 Counsel for Defendants has a phone call with Klein on Wednesday morning to talk
22 about this motion to see if there is a way to resolve it without court intervention. Further,
23 counsel will be speaking with Klein about whether he intends to file an opposition to the
24 motion for summary judgment and if so, will be working on a proposed stipulation and
25 order for this court to review. In addition, counsel is still gathering all of the needed facts
26 for the response to ensure it is complete. Counsel believes that a 7-day extension is all that
27 is needed to complete the response, especially after speaking with Klein.

28 ///

Accordingly, Defendants respectfully request that the extension be granted for good cause shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260, (9th Cir. 2010) (holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

### III. CONCLUSION

Based on the foregoing, and for good cause, Defendants request an extension of time until July 24, 2025, to respond to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. ECF Nos. 52 & 53.

DATED this 14th day of July, 2025.

AARON D. FORD
Attorney General

By: /s/ Nathan M. Claus
NATHAN M. CLAUS (Bar No. 15889)
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

DATED: July 15, 2025.

_____
Craig S. Denney
United States Magistrate Judge