UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL SCOTT KLEIN,

         Plaintiff,

vs.

MICHAEL FLAMM, et al.,

         Defendants.

Case No. 3:23-cv-337-ART-CSD

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
(ECF No. 71)

Plaintiff Paul Scott Klein brings this action under 42 U.S.C. § 1983, alleging that Defendants Correctional Officer Michael Flamm and Correctional Officer Jose Garcia retaliated against him in violation of the First Amendment. (ECF Nos. 3, 4, 22, 23, 26.) Mr. Klein subsequently filed an emergency motion for a temporary restraining order or preliminary injunction, seeking an order to: (1) prevent the Nevada Department of Corrections ("NDOC") from transferring him to another facility without a hearing and (2) require NDOC to return him to his previous medical classifications. (ECF Nos. 52, 53).[1] After Defendants responded (ECF Nos. 68, 69), Magistrate Judge Denney issued a Report and Recommendation ("R&R") recommending denial of Mr. Klein's motion for preliminary injunction. (ECF No. 71). Mr. Klein moved for an extension of time to object to Judge Denney's R&R (ECF No. 77), and was granted an extension until October 31, 2025. (ECF No. 79.) The deadline has now passed, and Mr. Klein has not submitted an objection.

Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in

---

[1] While these documents are identical, they were docketed separately to reflect the two forms of relief sought.

1

whole or in part." 28 U.S.C. § 636(b)(1)(C). Where, as here, neither party objects to a magistrate judge's recommendation, the district court is not required to perform any review of that judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Because Plaintiff has not objected, the Court conducts no review of Judge Denney's R&R and adopts it in full.

Judge Denney recommends denial of Mr. Franklin's motion for a temporary restraining order or preliminary injunction on the grounds that Plaintiff failed to adequately demonstrate a nexus between the allegations in his complaint and the allegations in his motion for injunctive relief. The Court notes that to succeed on a motion for injunctive relief, there must be a connection between the allegations in the complaint and the specific facts forming the basis of the preliminary injunction. *Pacific Radiation Oncology, LLC v. Queens Medical Center*, 810 F.3d 631, 636 (9th Cir 2015). A court can only grant a temporary restraining order or preliminary injunction where the relief requested is of the same nature as the relief which could be granted finally in the case. *Id.*

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 71) is ADOPTED.

It is further ordered that Plaintiff's motion for a temporary restraining order or preliminary injunction (ECF Nos. 52, 53) is DENIED WITHOUT PREJUDICE.

Dated this 3rd day of November, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE