**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAUL SCOTT KLEIN,

Plaintiff

v.

MICHAEL FLAMM, et al.,

Defendants

Case No.: 3:23-cv-00337-CSD

**Order**

Re: ECF No. 115

Plaintiff has filed a motion for bad act spoliation discovery order pursuant to Federal Rule of Civil Procedure 37. (ECF No. 115.) Defendants filed a response. (ECF Nos. 116, 116-1.) Plaintiff filed a reply. (ECF No. 117.)

## I. BACKGROUND

Plaintiff's motion pertains to the alleged failure to preserve and produce video evidence related to Plaintiff's remaining retaliation against defendant Flamm. This claim is based on allegations that Plaintiff was subject to a disciplinary charge as a result of a search of various cells on May 31, 2022, where numerous inmates were charged with having an improper "screen" in their cells, i.e., a bed sheet or towel hanging in the cell. Plaintiff claims he told Flamm, who was part of his disciplinary proceeding, that he did not have a screen in his bunk that day.

Plaintiff contends that, without his consent, Flamm reduced the charge to a minor violation and claimed Plaintiff entered into a plea. Plaintiff filed a disciplinary appeal. He contends that on July 19, 2022, after he filed the disciplinary appeal, Garcia ordered Plaintiff to go to the prison industries (PI) gate to meet Flamm, and once there, Flamm threatened to write Plaintiff up for a major disciplinary violation, have him investigated, and cause him to lose his

prison job over the filing of the disciplinary appeal. As a result, Plaintiff withdrew his disciplinary appeal.

In connection with the motion for summary judgment on this claim, there is evidence that Plaintiff sent a kite to Acting Warden Henley on July 19, 2022, asking Henley to save the video from that day. (ECF No. 93 at 38-39.) He then filed a grievance a few days later asserting Flamm had retaliated against him over the filing of the disciplinary appeal. (ECF No. 93-1 at 19-27.) The court found there were disputed facts concerning whether Flamm went to the PI gate and discussed the disciplinary appeal with Plaintiff. In connection with the motion for summary judgment, Plaintiff argued that video evidence would corroborate his version of events. The court noted that in discovery, Flamm stated he did not believe there was ever any video evidence of the incident at the PI gate. (ECF No. 93-1 at 45.) Defendants stated for the first time in their reply brief that no camera existed at the PI gate at that time. (ECF No. 96-2 ¶ 5.) In contrast to Flamm's statement in discovery, and the statement in the reply brief, the improper grievance memorandum sent in response to Plaintiff's grievance, issued by Fonoimoana, states: "The Cameras were reviewed and there was nothing seen to support your claim," suggesting there was a camera in the PI gate area, and video did exist at one point. (ECF No. 47-16 at 4.)

In this motion, Plaintiff claims that NNCC's entire open yard, all around the PI area, is covered by electronic video monitoring equipment, and video footage is maintained for a period of 90 days. Plaintiff reiterates that Flamm threatened him at the PI gate area on July 19, 2022, and on that same day, Plaintiff sent a request to Warden Henley to save the video. Plaintiff claims, however, that Henley *and Flamm* elected not to save or review the video. Plaintiff concludes that they destroyed the video evidence. As such, he asks for an order that the jury be

instructed that Flamm destroyed the video recording of the July 19, 2022, event at the PI gate because it was unfavorable to him, and Defendants acted in bad faith.

In response, Flamm argues he was never asked to pull any video footage from the alleged incident, and Warden Henley is not a defendant in this action. He also asserts there is no evidence that any video evidence was ever created.

In his reply, Plaintiff argues that Henley was Flamm's supervisor, and asking Henley to review and save the video evidence is the same as asking Flamm, and even if Flamm did not directly know of the request or obligation to save the video, he should have known to do so.

## II. DISCUSSION

Sanctions are available under Federal Rule of Civil Procedure 37(e) when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery[.]" Fed. R. Civ. P. 37(e). There are two categories of sanctions available under Rule 37(e).

Here, there is no evidence that Flamm, the party to this action, is responsible for failing to take steps to preserve the video footage from July 19, 2022. Plaintiff acknowledges that he sent his request to preserve the video to Henley, but Henley is *not* a defendant to this action. He also cites an improper grievance memorandum where Fonoimoana references video footage being reviewed, but this is not evidence that Flamm was put on notice of the need to preserve video evidence. While Plaintiff contends that a request to Flamm's supervisor is the same as making the request of Flamm, he cites no legal authority to support his position.

As such, Plaintiff's spoliation motion is denied; however, Plaintiff may present evidence at trial in the appropriate context regarding his request for video footage from that day to Henley,

and the improper grievance memorandum response indicating that video footage existed at one point and was reviewed, as well as the fact that no video footage from that date has been produced, and that Flamm has claimed in discovery that he did not believe such video evidence ever existed.

## III. CONCLUSION

Plaintiff's spoliation motion (ECF No. 115) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 10, 2026

Craig S. Denney
United States Magistrate Judge